# UNITED STATES DISTRICT COURT

Southern District of Illinois

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| TILDEN B. SPRAGUE | ) | Case Number: 3:07CR30192-001-JPG |
| | ) | USM Number: 07868-025 |
| | ) | John D. Stobbs, II |
| | ) | Defendant's Attorney |

**FILED**
CLERK, U.S. DISTRICT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE
JAN 14 2009

**THE DEFENDANT:**

☒ pleaded guilty to count(s)    1, 2 and 3 of the Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 U.S.C. 2252A(a)(2) | Receipt of Child Pornography | 3/7/2007 | 1 |

    The defendant is sentenced as provided in pages 2 through   11   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

1/8/2009
Date of Imposition of Judgment

_/s/ J. Phil Gilbert_
Signature of Judge

J. Phil Gilbert, District Judge
Name of Judge      Title of Judge

January 14, 2009
Date

DEFENDANT: TILDEN B. SPRAGUE
CASE NUMBER: 3:07CR30192-001-JPG

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 2252A(a)(5)(B | Possession of Child Pornography | 9/5/2007 | 2 & 3 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

90 months on Counts 1, 2 and 3 of the Indictment. All Counts to run concurrent with each other.

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be placed in the Intensive Drug Treatment Program.

☐ The defendant is remanded to the custody of the United States Marshal.

☑ The defendant shall surrender to the United States Marshal for this district:

  ☑ at  11:00    ☑ a.m.   ☐ p.m.   on   1/20/2009   .

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
10 years on Counts 1, 2 and 3 of the Indictment. All Counts to run concurrent with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:  TILDEN B. SPRAGUE
CASE NUMBER:  3:07CR30192-001-JPG

Judgment—Page  5  of  11

## SPECIAL CONDITIONS OF SUPERVISION

X The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. The defendant shall pay the fine in installments of $50.00 per month or ten percent of his net monthly income, whichever is greater, over a period of 18 months to commence 30 days after release from imprisonment to a term of supervision.

X The defendant shall provide the probation officer and the Financial Litigation Unit of the United States Attorney's Office with access to any requested financial information. The defendant is advised that the probation office may share financial information with the Financial Litigation Unit.

X The defendant shall apply all monies received from income tax refunds, lottery winnings, judgments, and/or any other anticipated or unexpected financial gains to the outstanding court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

X The defendant shall submit his person, residence, real property, place of business, computer, or vehicle to a search, conducted by the United States Probation Officers at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

X while incarcerated and/or while on supervised release, the defendant shall participate in an approved sexual offender treatment program., at his own expense, as directed by the probation officer. If deemed necessary, the defendant shall submit to an approved sexual predator evaluation. The defendant shall abide by all rules, requirements, and conditions of the treatment program, including submission to polygraph and/or plethysmograph examination, at his own expense, to determine if he is in compliance with the conditions of his release. The defendant shall remain in the program until successfully completed, or until such time as the defendant is released from the program by the Court and/or probation officer.

X The defendant shall provide the probation office with information regarding his use of computer, to includes but not limited to the following, identifying computer systems, internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices, at the defendant's expense. The defendant may be limited to possessing only one personal internet capable device, to facilitate the probation office's ability to effectively monitor his internet related activities. The defendant shall also permit random examinations of said computer systems internet capable devices and other data storage devices under his control.

X The defendant is prohibited from installing any hardware or software that would interfere with , impede, or prevent the monitoring of the use of his computer. The defendant shall not install any hardware or software on his personal computer without the advance permission of the Court or the probation officer. The defendant is further prohibited from possessing his hardware or software that enables the use of encryption technology or steganography.

X The defendant shall advise the probation officer of all e-mail addresses, account user names, user identification information and passwords he uses. The defendant shall consent to third-party disclosure to any employer or potential employer, concerning any computer-related restrictions that may be imposed upon him. The defendant shall warn other residents or occupants of his home that electronic devices will be subject to inspection and/or monitoring by the probation officer an/or authorized contractor.

X The defendant is prohibited from obtaining or sharing any pornographic images of minor females, through any electronic medium. Additionally, the defendant shall not photograph any minor females, other than clothed photographs of minor members of the defendant's family.

X The defendant is required to abandon all pornographic materials depicting minor females, and all photographs depicting minors other than clothed photographs of minor members of the defendant's family.

X Defendant shall submit within 15 days, not to exceed 52 tests in a one year period    for drug urinalysis.

DEFENDANT:  TILDEN B. SPRAGUE
CASE NUMBER:  3:07CR30192-001-JPG

Judgment — Page  6  of  11

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 600.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____.  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

**TOTALS**     $    0.00        $    0.00

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☑ the interest requirement is waived for the    ☑ fine   ☐ restitution.

    ☐ the interest requirement for the    ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TILDEN B. SPRAGUE
CASE NUMBER: 3:07CR30192-001-JPG

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 900.00 due immediately, balance due

       ☐ not later than _____ , or
       ☑ in accordance    ☐ C,    ☐ D,    ☐ E, or    ☑ F below; or

B ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
    _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
    term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

    X The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release. The defendant shall pay the fine in installments of $50.00 per month or ten percent of his net monthly income, whichever is greater, over a period of 18 months to commence 30 days after release from imprisonment to a term of supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached order

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

FILED JAN 14 2009
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | CRIMINAL NO. 07-30192-JPG |
| TILDEN B. SPRAGUE, ) | |
| Defendant. ) | |

## PRELIMINARY ORDER FOR FORFEITURE PURSUANT TO FED.R.CRIM.P 32.2 WITH RESPECT TO TILDEN B. SPRAGUE

In Count 4 of the Indictment filed in the above cause on December 11, 2007, the United States sought forfeiture of property of Defendant, Tilden B. Sprague, pursuant to 18 U.S.C. § 2253(a) and U.S.C. § 2461(c). The Court, upon consideration of the guilty plea entered in this matter, hereby finds by preponderance of evidence that the following property is forfeitable and hereby orders forfeited the following property which Defendant admits was used or intended to be used to commit or promote the commission of the offenses described in Counts 1-3 of the Indictment to which Defendant is pleading guilty:

## PERSONAL PROPERTY:

One Dell Dimension 4550 computer tower bearing serial number 5T94621;

One Hewlett Packard PSC 2355 printer bearing serial number MY54PF2172;

One Motorola broadband media center bearing serial number XC9452DA0699;

One Hitachi audio video control center bearing serial number V4G001377;

One Hitachi 42" flat screen television bearing serial number VG001304;

## REAL PROPERTY:

**Real property located at 5208 River Aire Drive, Godfrey, Illinois, and all attachments, appurtenances and improvements thereon, more specifically described as follows:**

Lot 97 in River-Aire Addition Number 1, a resubdivision of part of outlot "A" of River-Aire according to the plat thereof recorded in Plat Book 33 Page 98 in the Recorder's Office of Madison County, Illinois.
Parcel No. 24-2-01-28-03-307-023.

The United States shall, under the authority of 21 U.S.C. § 853(n)(1) to "publish notice of the order and of its intent to dispose of the property in such matter as the Attorney General may direct," provide notice of the forfeiture and the right of person other than the defendant who have any claim or legal interest in any of the property to file a petition with the Court. Said notice shall be provided in a manner consisted with Supplemental Rule G(4)(a) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

The United States Marshal shall not seize the real estate at 5208 River Aire Drive, Godfrey, Illinois at this time or without further order of this Court and shall not be responsible for its maintenance or upkeep without further order of this Court. The United States Marshal shall, if he has not already done so, seize the personal property. The United States may, at its option, abandon forfeiture of any of the property, real or personal, by filing a notice of said abandonment with this Court.

The United States informs the Court that the Defendant, pursuant to the plea agreement in this cause, tendered a personal check in the amount of $25,000.00 to the United States Marshals Service as satisfaction of the forfeiture of the above-stated real estate located at 5208 River Aire Drive, Godfrey, Illinois. As of the time of sentencing, said check has not yet cleared. If said check clears, the United States shall so inform the Court, the $25,000.00 shall be forfeited as described in

the plea agreement in lieu of said real estate pursuant to 19 U.S.C. § 1613(c), and the actual real estate itself shall not be forfeited as a result of these proceedings, although the personal property described within this Order shall still be forfeited. If the check does not clear, the United States will be allowed to complete the forfeiture of both the personal property and the real estate, subject to the rights of any third-parties who may file petitions asserting any interests therein.

Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is hereby decreed to be final with respect to the defendant Tilden B. Sprague and is hereby made a part of his sentence and shall be included in the Judgment entered against him in this case.

**IT IS SO ORDERED.**

Dated: 1-8-2007

J. PHIL GILBERT
United States District Court Judge

3